Howell, J.
This is a petitory action to recover three lots of ground *108 in the Third District of New Orleans. Plaintiff sets up title derived, through several mesne conveyances, from Daniel Clarke in September, 1809. -
The defendant claims title from the heirs of T. H. Farish," which had its origin in the suit of F. Marquez v. Myra Clarke Gaines and Charles Van Wyck, under execution in which these lots with others were sold by the sheriff and purchased by said Farish.
Defendant calls his vendors and said Marquez in warranty. We should also state that he excepted to plaintiff’s action while the judgment and sale in the above suit are not set aside.
The warrantors, heirs of Farish, besides the general denial, specially deny plaintiff’s ownership, and that of the several vendors subsequent to Daniel Clarke, plead the prescription of ten, twenty, and thirty years, and call F. Marquez, Mrs. Gaines, and Charles Van Wyck in warranty. The last named was not made party to the suit. Marquez did not appear and default was taken against him. Mrs. Gaines answered disclaiming any title, averring that her father, Daniel Clarke, sold the lots in question in his lifetime to Commodore Porter.
Judgment was rendered in favor of plaintiff against defendant, and in favor of the latter against the heirs of Farish and Marquez, and in favor of said heirs against Marquez, reserving their rights against Van Wyck, from which judgment the defendant and the heirs of Farish have appealed.
On the trial plaintiff offered in evidence a copy of the notarial act of sale irom Clarke to David Porter, before P. Pedesclaux, notary, on seventh September, 1809, to which the warrantors excepted, on the ground that it was a false copy. The objection being sustained, plaintiff then offered (he original, to which warrantors objected: First — because it is not an authentic act, havingbut one witness; second — because there is no proof of signature; and third — because plaintiff having declared on an authentic act, a private writing is inadmissible, and they cite Code of 1808, p. 304 art. 217; 5 N. S. 618 and 692.
The document was admitted under article 2235, Revised Civil Code, which says: “ An act which is not authentic through the incompetence or the incapacity of the officer or through a defect of form, avails as a, private writing, if it be signed by the parties.”
We think the court did not err. It was sufficiently proved that it was signed by the parties, and the instrument is not so inconsistent with the one declared on as to make it inadmissible. The allegation is “ described in a deed from the said Daniel Clarke, bearing date September 7, 1809, and signed by Pierre Pedesclaux, notary public.” It was so signed and failed in being authentic only for want of the signa *109 ture of one of the two witnesses named in the act, which was and has since been among the records of said notary. Along with this and in support of it, two instruments were introduced showing that the agent of Clarke’s executors collected the price from Porter, and that the mortgage retained by Clarke was duly canceled.
This shows that title passed from Clarke to Porter. Acts of transfer were introduced from D. Porter to his son, W. D. Porter, from the latter to H. M. Morfit, plaintiff’s father, and from his coheirs to herself, which were severally objected to on grounds which, perhaps, might have force in favor of the heirs or creditors of the Porters and Morfit, but not in favor of the defendant and warrantors before us, who claim only by virtue of a sheriff’s sale of said property as belonging to Mrs. Gaines and one Van Wyck, the origin or nature of whosp title is not established. It is clear that Mrs. Gaines has and had no title to said lots, and the admission of title to some fifty-four lots, including these, in her answer, filed in the suit of Marquez v. Gaines and Van Wyck, did not divest the title which had vested in David Porter and the subsequent vendees.
We think the judgment in favor of plaintiff is correct; but that against the warrantors is defective for uncertainty in amount, no amount being mentioned, and the evidence does not enable us to fix the amount. The defendant paid $7000 for fourteen lots, being at the rate of $500 per lot, but the evidence shows that the dimensions and boundaries of the three lots claimed by plaintiff are different from those described in the act of sale to defendant. For the purpose of adjusting this matter and ascertaining the proportion to which defendant is entitled for these three lots, which, at the time of the sheriff’s sale and the one to himself, were the “property of another,” and not of the defendants in the execution or the vendors of defendant, the case will have to be remanded as suggested by defendant’s counsel. The judgment, as to Mrs. Gaines, is correct, and as to Marquez, who has not appealed, it seems to be final.
It is therefore ordered that the judgment in favor of plaintiff against defendant, that in favor of Myra Clarke Gaines, and that as to Van Wyck, be affirmed, with costs in lower court as to each respectively. It is further ordered that the judgment in favor of defendant, J. Puentes, against the heirs of T. H. Parish, as warrantors, be set aside, and the case as to these parties be remanded to the lower court for the purpose specified in the foregoing opinion. The costs of appeal to be paid by the appellants.